NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000105
17-DEC-2013
08:29 AM

NO. CAAP-12-0000105

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL STEVEN SCHELLER, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-11-02033)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Michael Scheller (Scheller) appeals from the Judgment and Notice of Entry of Judgment, filed on January 24, 2012, in the District Court of the Third Circuit (district court).[1]

On July 12, 2011, Scheller was charged by written complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2012) (Count I), Accidents Involving Damage to Vehicle or Property, in violation of HRS § 291C-13 (Supp. 2012) (Count II), and Inattention to Driving, in violation of HRS § 291-12 (Supp. 2012) (Count III).

Counts II and III were dismissed with prejudice. Scheller was convicted of OVUII in violation of HRS § 291E-61(a)(1).

_____

[1] The Honorable Joseph P. Florendo, Jr. presided.

On appeal, Scheller contends (1) the OVUII charge was deficient for failing to allege the requisite *mens rea*, and the district court failed to make a finding establishing the requisite state of mind for each element of offense (2) the district court failed to make a finding that Scheller operated a vehicle on a public way, street, road, or highway, and (3) the district court erred by denying his motion to dismiss for violation of Rule 48 of the Hawaii Rules of Penal Procedure.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Scheller's points of error as follows:

In State v. Nesmith, 127 Hawai'i 48, 56, 276 P.3d 617, 625 (2012), the Hawai'i Supreme Court held that the requisite *mens rea* must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation. The OVUII charge against Scheller did not allege the requisite *mens rea* for a violation of HRS § 291E-61(a)(1).

Appellee State of Hawai'i (State) argues that Scheller failed to challenge the sufficiency of the charge in the district court and raises it for the first time on appeal. The State thus argues that under State v. Motta, 66 Haw. 89, 657 P.2d 1019 (1983), Scheller's conviction should not be vacated unless he can show (a) prejudice or (b) that the charge cannot within reason be construed to charge a crime.

Recently, in State v. Apollonio, 130 Hawai'i 353, 358-59, 311 P.3d 676, 681-82 (2013), and State v. Maharaj, No. SCWC-29520, 2013 WL 6068086, at *4-5 (Haw. Nov. 18, 2013), a majority of the Hawai'i Supreme Court held that charges failing to allege the requisite *mens rea* should be dismissed without prejudice, even though the defendants in those cases challenged the charge for the first time on appeal. Applying the liberal construction standard, the supreme court held that because the respective

2

charges in Apollonio and Maharaj failed to state the required *mens rea*, the charges could not reasonably be construed to charge a crime. Apollonio, 130 Hawai'i at 358-59, 311 P.3d at 681-82; Maharaj, 2013 WL 6068086, at *5. In both Apollonio and Maharaj, the convictions on the deficient charges were vacated and the cases remanded with instructions to dismiss the cases without prejudice. Apollonio, 130 Hawai'i at 363, 311 P.3d at 686; Maharaj, 2013 WL 6068086, at *5.

Here, because the OVUII charge failed to allege the requisite *mens rea*, the charge cannot reasonably be construed to charge the crime of OVUII. See Apollonio, 130 Hawai'i at 358-59, 311 P.3d at 681-82; Maharaj, 2013 WL 6068086, at *5. Scheller's conviction for OVUII must be vacated and the case dismissed without prejudice. We need not reach the other points raised by Scheller.

THEREFORE,

IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, filed on January 24, 2012, in the District Court of the Third Circuit is vacated and the case is remanded with instructions to dismiss the OVUII charge without prejudice.

DATED: Honolulu, Hawai'i, December 17, 2013.

On the briefs:

Robert D.S. Kim
for Defendant-Appellant

Jason R. Kwait
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

3